# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

In the matter of the seizure of:

**Up to $20,832.00 in U.S. currency from Account 36128612838 at Capital One Bank, currently held in a general ledger account.**

Case No. 23-SW-00602-LMC

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEIZURE WARRANT

I, Jeffrey Thomas, being first duly sworn, do depose and state that:

### Property to be Seized

Up to $20,832.00 in U.S. currency from Account 36128612838, at Capital One Bank, titled in the name of Tracy Brock, currently held in a general ledger account.

### Affiant's Experience

1. Your Affiant has been a Special Agent with the Internal Revenue Service ("IRS") since January 2002. My experience includes conducting criminal investigations of individuals and businesses that have violated Federal criminal laws found in Title 26 (Internal Revenue Code) and related financial crimes in Title 18 and Title 31 of the United States Code. I have participated in various types of investigations including income tax evasion, subscribing to false returns, aiding and assisting in the preparation of false returns, wire fraud, money laundering, and structuring. I have analyzed numerous types of financial records including bookkeeping records, bank records, invoices, contracts, loan agreements, and return preparer's notes and work papers.

2. Further, your Affiant has developed evidence that was used as probable cause for search warrants and has participated in all aspects of search warrants for financial records. In addition, I have developed evidence used as probable cause to seize real property, personal property and

1

proceeds of bank accounts, acquired with proceeds of narcotics trafficking and money laundering. I have attended a Financial Investigation Seminar held by the United States Department of Justice Asset Forfeiture and Money Laundering Section covering various aspects of asset forfeiture and money laundering investigative techniques. During the past nineteen years I have participated in investigations concerning the trafficking of controlled substances, including documenting the disposition of proceeds and the accumulation of assets from the proceeds, and investigated the related money laundering violations and other financial crimes associated with trafficking of controlled substances. I have interviewed numerous cooperating witnesses and defendants who have provided detailed information concerning their involvement in drug trafficking activities and in the disposition and laundering of the proceeds of drug trafficking. These drug trafficking activities have included the acquisition, transportation, storage, and distribution of controlled substances. Over the past year I have also conducted and participated in investigations involving obtaining fraudulent payroll protection program loans and the associated criminal violations of wire fraud, bank fraud, and money laundering. Finally, I have testified as an expert witness in federal courts concerning money laundering transactions with drug proceeds.

3. Based on your Affiant's personal participation in this investigation and from discussions with agents and task force officers, your Affiant states that there is probable cause to believe that the contents of Capital One Bank Account 36128612838 contain proceeds of a Payroll Protection Program ("PPP") loan obtained through a scheme to defraud the U.S. Small Business Administration ("SBA") by Tracy Brock, Dannisha Taylor, Renetta Golden-Larimore, and others, in violation of 18 U.S.C. §§ 1343 (wire fraud) and 1349 (wire fraud conspiracy), both specified unlawful activities.

4. In addition, your affiant was assisted in this investigation by other IRS-Criminal Investigation ("IRS-CI") agents and IRS-CI Task Force Officers.

5. This affidavit is based on my own personal knowledge as well as information provided to me by other law enforcement agencies and officers. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. I have only set forth the facts I believe are essential to establish probable cause.

## The CARES Act

6. The SBA is an executive branch agency of the United States that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. Under the provisions of the CARES Act, $2.2 trillion in economic stimulus was passed by the 116th U.S. Congress and signed into law by President Donald Trump in March 2020, in response to the economic decline caused by the COVID-19 pandemic in the United States.

## Paycheck Protection Program Loans

7. The CARES Act allowed for the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through the Paycheck Protection Program ("PPP"). These loans had government backed guarantees. In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

8. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, signed by an authorized representative of the business, to a lender that was participating in PPP. The PPP loan application required the business (through its authorized representative) to

3

acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. One affirmative certification required the business to certify that it was in operation on February 15, 2020, and had employees for whom it paid salaries. Further, in the PPP loan application, the applicant (through its authorized representative) was required to state, among other things, the business's average monthly payroll expenses and the number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, the applicant was required to provide documentation showing its payroll expenses.

9. A business's PPP loan application was received and processed, in the first instance, by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which are guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

10. PPP loan proceeds were required to be used by the business on certain permissible expenses: payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time after receiving the proceeds and used a certain amount of the PPP loan proceeds on payroll expenses.

**Probable Cause**

11. The FBI and the Kansas City, Missouri Police Department conducted a drug trafficking and money laundering investigation into Salvador Valdivia and Renetta Golden-Larimore. Golden-Larimore, a resident of Kansas City, Missouri, provided associates of Valdivia with assistance in defrauding the government to obtain PPP funds with fraudulent bank statements and

4

tax documents and charged a set fee for the assistance. Golden-Larimore facilitated the money movements to give the appearance of payroll and other business-related expenses for those persons to obtain fraudulent PPP business loans from the government. Investigators discovered that Golden-Larimore not only assisted associates of Valdivia to obtain the fraudulent PPP loans, but she assisted at least an additional 40 individuals, sometimes using the same fraudulent bank statements. Golden-Larimore was found to have often utilized a specific lender service provider called Blueacorn. Blueacorn was a company that partnered with multiple lenders to provide a centralized website for the PPP loan application process. After Blueacorn received the loan application and supporting documentation, it forwarded the applications to various lenders for funding finalization and fund distribution. Blueacorn's partners included Itria Ventures LLC and Prestamos CDFI.

12. On May 12, 2021, a confidential source provided information that Golden-Larimore, along with 31 others, was suspected of obtaining fraudulent PPP loan funds, totaling over $400,000, and conducting subsequent suspicious transfers of the loan funds to various other accounts at Navy Federal Credit Union.

13. Investigators learned that Tracy Brock was one of the individuals Golden-Larimore assisted in obtaining a fraudulent PPP loan.

14. Tracy Brock is the owner of Capital One Bank Account 36128612838 and two other accounts at Capital One Bank.

15. On May 16, 2021, Brock completed a PPP loan application utilizing the IP address 75.81.141.44, which belonged to Golden-Larimore in Kansas City, Missouri. The PPP application shows the business legal name was "Tracy Brock" located at 4516 Perlita Street, New Orleans,

Louisiana 70122. The gross income reported to the lender on the loan application was $144,080. Prestamos CDFI applied for and funded the PPP loan.

16. A copy of the first page of a Capital One Bank statement for the period of December 1, 2019 to December 31, 2019, was uploaded with the application, however the account ending in 2838 is not shown and the statement shows the name Tracy Clark, not Tracy Brock. Records provided by Capital One during the investigation show all Capital One accounts are in the name of Tracy Brock[1].

17. In connection with her loan application, Brock provided an IRS Form 1040 Schedule C for 2019 that states that her business had $144,080 in gross receipts and a net profit of $99,982. Investigators believe that this information was false and was provided with the intent to procure a loan through fraud. Indeed, the information on the Form 1040 Schedule C provided by Brock is identical to that provided with PPP applications by Ciarra Henderson, Don Baker, Salvador Valdivia, Cameron Henderson, Candace Hill-Williams, Teira Mercer, and others known to be involved in Golden-Larimore's fraud scheme.

18. On June 8, 2021, Brock received a deposit "Deposit from PRESTAMOSCDFI PPPFunding" in the amount of $20,832.00.

19. On June 22, 2021, a debit withdrawal was made in the amount of $804.91. Capital One Bank froze the account after the withdrawal due to suspected fraud.

20. Your affiant knows that when funds are frozen in a customer account due to suspected fraud, the funds are either returned to the sending institution or moved to a general ledger account inside Capital One Bank.

---

[1] No records for the year 2019 were received during the investigation.

21. During the investigation, investigators identified an email dated July 28, 2021, from Brock to Golden-Larimore stating:

> "Hey capital wants me to send now 2019 and 2020 tax return? Can you do me a 2020 tax return. Lord!"

22. During the investigation, investigators identified three emails, dated October 6, 2021, November 27, 2021, and January 30, 2022, between Brock and the email address ppp@cplc.org.

23. An email between Elexis Garcia, an employee at Prestamos CDFI, and Brock dated May 27, 2022, informed Brock that Prestamos CDFI determined she was not eligible for the PPP loan.

24. On October 14, 2022, Brock was mailed a Target Letter from the United States Attorney's Office notifying her of the investigation into fraudulent PPP loans. On that same day, Brock sent an email to Prestamos CDFI requesting a letter stating she did not receive the PPP loan.

25. Brock sent a letter to Assistant United States Attorney Paul Becker that is dated October 25, 2022, with attached screenshots indicating she did not receive loan proceeds and therefore did not commit any fraud or money laundering. The attached screenshots are requests from Prestamos CDFI attempting to obtain filed tax returns and Brock trying to obtain records and confirmation from Prestamos CDFI that she did not receive PPP proceeds and Capital One sent funds back to Prestamos CDFI. In a response to Brock on October 25, 2022, Elexis Garcia, an employee at Prestamos CDFI responds to Brock that they did not receive the funds.

26. Prestamos CDFI received information from Capital One confirming that the funds received were fraudulent and the funds have not yet been returned to Prestamos CDFI.

27. On April 25, 2023, Golden-Larimore and 11 other individuals were indicted in the Western District of Missouri for conspiracy to commit wire fraud and wire fraud based on evidence of fraudulent PPP loans.

28. On October 18, 2023, Golden-Larimore and five other individuals were indicted in the Western District of Missouri for conspiracy to commit wire fraud and wire fraud based on evidence of fraudulent PPP loans[2].

**<u>Fungibility</u>**

29. Your Affiant is advised that one civil theory of forfeiture allows the Government to forfeit funds on deposit in an account where, within the last year, funds subject to forfeiture have been deposited, without identifying the specific property involved in the offense. In pertinent part, 18 U.S.C. § 984(a) provides:

> (1) In any forfeiture action *in rem* in which the subject property is cash or funds deposited in an account in a financial institution;
> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

30. Therefore, except as to actions against funds held in an interbank account (which is not the case here), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section. *See United States v. $8,221,877.16*, 330 F.3d 141, 158 (3d Cir. 2003) ("Section 984 is a 'substitute asset provision' enacted to overcome ... tracing difficulties and ease the government's burden of proof in civil forfeiture proceedings involving fungible property.") Put more simply, Section 984 allows the United States to seize for civil forfeiture identical property found in the same place where the "guilty" property had been kept. *United States v. All Funds Distributed To, or o/b/o Weiss*, 345 F.3d 49, 59 n.13 (2d Cir. 2003*)*. I am advised that, by Section 984(a)(1)(B), therefore, this affidavit need not demonstrate that the monies now in the Capital One account ending in 2838,

---
[2] Brock has not been indicted as of the date of this Affidavit.

or in the general ledger account where they are currently being held, are the particular monies involved in the wire fraud, so long as the forfeiture is sought for other funds on deposit in that account.

## Venue

31. Your Affiant is advised that under 18 U.S.C. § 981(b)(3), seizure warrants may be issued by a judicial officer in any district in which a forfeiture action against the property may be filed under 28 U.S.C. § 1355(b) and may be executed in any district in which the property is found.

32. Furthermore, 28 U.S.C. § 1355(b)(1)(A) allows a forfeiture action to be brought in "the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."

33. While the account subject to seizure is held by a Capital One Bank branch located in New Orleans, Eastern District of Louisiana, the acts or omissions of Golden-Larimore, which facilitated the transfer of the PPP funds to Tracy Brock's Capital One Bank account, occurred in this district, permitting this Court to issue a seizure warrant under 18 U.S.C. § 981(b)(3). Finally, the criminal charges related to the conduct are currently pending in this district.

## CONCLUSION

34. As set out herein, I have probable cause to believe that Capital One Bank Account 36128612838, and the general ledger account where they are currently held, contain proceeds of a specified unlawful activity, specifically wire fraud, in violation of 18 U.S.C § 1343, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, a specified unlawful activity. Pursuant to 18 U.S.C. § 982 (a)(2)(A), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds obtained from wire fraud or theft of public money is also subject to criminal forfeiture.

_____
JEFFREY THOMAS
Special Agent
Internal Revenue Service

Subscribed and sworn before me via telephone or other reliable electronic means this 29th day of November 2023. Sworn to by telephone 9:44 AM, Nov 29, 2023

_____
Honorable Lajuana M. Counts
United States Magistrate Judge



10